**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE FELIX, | No. 10-56287 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06459-JHN-CW |
| v. | |
| BAXTER HEALTHCARE | MEMORANDUM* |
| CORPORATION, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted April 11, 2012
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, Senior
District Judge.**

Jose Felix appeals the district court's order granting summary judgment in

favor of his employer, Baxter Healthcare Corporation.  Felix sued Baxter for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Frederic Block, Senior District Judge for the Eastern
District of New York, sitting by designation.

religious discrimination, failure to accommodate, and unlawful retaliation under the California Fair Employment and Housing Act.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

Felix argues that Baxter failed to accommodate his religion by requiring him to work a Sunday shift, that the failure to accommodate was religious discrimination, and that Baxter retaliated against him after he filed complaints with the California Department of Fair Employment and Housing.  We disagree.

It is undisputed that Baxter offered Felix a non-Sunday position in a different group that was equal in pay and title.  As a matter of law, the offer to transfer was a reasonable accommodation.  *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 241 (9th Cir. 1990).  The allegation that Baxter failed to engage in the interactive process is not supported by the facts.  The district court correctly granted summary judgment on Felix's failure to accommodate and religious discrimination claims.

Felix also failed to provide substantial evidence that Baxter's performance reviews were pretextual or based on retaliatory animus.  Temporal proximity is insufficient to satisfy the substantial evidence standard for retaliation claims after the defendant has come forward with evidence of a legitimate, nonretaliatory reason for the adverse action.  *See Loggins v. Kaiser Permanente Int'l.*, 60 Cal.

Rptr. 3d 45, 54 (Ct. App. 2007).  The district court therefore did not err in granting summary judgment on Felix's retaliation claim.

Plaintiff argues that the district court failed to address his evidentiary objections "individually and with due consideration."  We find no fault with the form or substance of the district court's evidentiary rulings.

**AFFIRMED.**